IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHAUN MARK LAWLER, #1812149 | § | |
| VS. | § | CIVIL ACTION NO. 6:14cv651 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Shaun Mark Lawler, an inmate confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus challenging his Smith County conviction for aggravated assault with a deadly weapon, in violation of the state laws of Texas. Mr. Lawler entered an open plea of guilty, was found guilty, and was sentenced to fifty-five years in prison.

The federal petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation on June 14 2017, concluding that the petition for a writ of habeas corpus should be dismissed with prejudice. (Dkt. #14). Petitioner filed objections to the Report and Recommendation. (Dkt. #21).

Where objectinos to a magistrate judge's report are filed, the district court reviews the recommendation *de novo* pursuant to Federal Rule of Civil Procedure 72. *See also* 28 U.S.C § 636(b) (1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). During a *de novo* review a court examines the entire record and makes an independent assessment of the law. The court should not conduct a *de novo* review when the objections are frivolous, conclusive, or too general.

1

*See Battle v. United States Parole Commission,* 834 F.2d 419, 421 (5th Cir.1987).

In his objection, Mr. Lawler repeats his argument that his guilty plea was not voluntary because he was not informed that he could present a constitutional challenge to the statutory punishment for aggravated assault. Mr. Lawler again urges this Court to find that his trial counsel was constitutionally ineffective because counsel failed to advise him that he could challenge the facial constitutionality of the statutory punishment scheme for aggravated assault–family violence. Mr. Lawler contends that the First Degree Felony offense of aggravated assault–family violence, with which he was charged, carries a stiffer punishment than a homicide charge that is subsequently mitigated during the punishment phase by evidence of sudden passion. *Compare* Tex. Penal Code Ann. § 22.02 (b) (1)(Vernon 2011) to Tex. Penal Code Ann. § 19,02 (d) (Vernon 2011). Mr. Lawler asserts that trial counsel had a duty to explain to him that the first degree punishment range applicable to this case was greater than that which would have applied if he had killed his victim. His claim is based upon the argument that it is unconstitutional for the mitigated punishment range in a homicide case to be less than for an aggravated assault that involves the use of a deadly weapon in causing a serious bodily injury against a family member as described by the Penal Code.

In support of his allegation in his state writ, Mr. Lawler, through counsel Randy Schaffer, submitted an affidavit from his trial attorney, Jeff Haas, stating that:

> Aggravated assault ordinarily is a second degree felony. However, it is a first degree felony if the actor uses a deadly weapon and causes serious bodily injury to a person with whom he is in a household or dating relationship. Thus, the maximum punishment for causing serious bodily injury to a girlfriend with a deadly weapon (life) is substantially greater than the maximum punishment for killing her under the immediate influence of sudden passion arising from an adequate cause (20 years). I did not discuss with Lawler that he could file a motion contending that the statutory punishment scheme for aggravated assault—family violence is facially unconstitutional because it subjects persons to greater punishment for causing serious bodily injury to a spouse or girlfriend with a deadly weapon than for killing her in the heat of passion.

SHCR-01 ("Writ Received"), at 52-53 (Affidavit of Jeff Haas).

This claim, that it is unconstitutional for the mitigated punishment range in a homicide case to be less than for an aggravated assault that involves the use of a deadly weapon in causing a serious bodily injury against a family member as described by the Penal Code, is not supported by Texas jurisprudence. Mr. Lawler fails to cite or discuss Texas law or the specific Texas statutes that he has attacked in his federal petition and objections. These cases do not stand for his proposition that the sentencing ranges for Penal Code § 22.02 (b) (1) and Penal Code § 19.02 (d) are unconstitutional because the Texas Legislature decided that the sentence for a homicide conviction may be mitigated by proof of a defendant's sudden passion.

The Court of Criminal Appeals held that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *See Karenev v. State*, 261 S.W.3d 428, 434 (Tex. Crim. App. 2009)(a facial challenge to the constitutionality of statute falls within the category of rights that can be forfeited). In so holding, the Court explained that statutes are presumed to be constitutional until it is determined otherwise and "[t]he State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional." *Id*. When the constitutionality of a statute is at issue, we presume the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting the statute. *Weyandt v. State*, 35 S.W.3d 144, 155 (Tex. App.–Houston [14th Dist.] 2000, no pet.). The burden rests on the moving party to establish its unconstitutionality. *Id*. Courts will uphold the statute if a reasonable construction of it can be determined which will render it constitutional and carry out the legislative intent. *Weyandt*, 35 S.W.3d at 155.

Further, case law has long provided that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481,486 (Tex.

3

Crim. App. 1983); *Jordan v. State*, 495 S.W,2d 949, 952 (Tex. Crim. App. 1973). Texas courts consistently deny claims questioning the constitutional validity of statutorily sanctioned punishment. *See*, e.g., *Harris v. State*, 656 S.W.2d 481,486 (Tex. Crim. App. 1983); *Rodriguez v. State*, 614 S.W,2d 448,450 (Tex. Crim. App. 1981); *Hypke v. State*, 720 S.W,2d 158, 160 (Tex. App. – Houston [14th Dist] 1986, pet. ref'd).

*Hypke* reaffirms the reasoning in *Rummel v. Estelle*, 445 U.S. 263, 272 (1980) that Texas courts must defer to the Legislature in determining appropriate sentencing for various crimes. *Hypke*, 720 S.W.2d at 160. In *Rummel*, the U.S. Supreme Court noted that it is extremely rare for petitioners to have a cruel and unusual punishment argument sustained in any context outside that of capital punishment because of the great deference allowed state legislatures in determining sentencing. *Rummel*, 445 U.S. at 272.

The Supreme Court again explicitly reaffirmed this perspective in *Solem v. Helm*, 463 U.S. 277 (1983), where it stated that:

> In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.

*Id*. at 290 n.16.

The Texas Legislature has set the punishment for aggravated assault against a family member which involves both the use of a deadly weapon and serious bodily injury at between five and ninety-nine years or life in prison and fine not to exceed $ 10,000. Tex. Penal Code Ann. § 22.02(b) (1) (Vernon2011). Because Mr. Lawler's fifty-five year sentence was within the statutory provision for the offense that he pled guilty to committing, that punishment does not offend either the Texas or the United States Constitution's prohibition against cruel and unusual punishment. *See Combs v. State*, 652 S.W.2d 804, 806 (Tex.App.–Houston [1st Dist.] 1983, no pet).

Trial counsel is not required to make frivolous objections, and is not acting ineffectively when he does not do so. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989); *see* also *Edmond v. State*, 116 S.W.:3d 110, 115 (Tex. App. – Houston [14th Dist,] 2002, pet ref'd) (trial counsel is not ineffective for failing to make a frivolous objection). Mr. Lawler presented nothing to support that counsel was deficient, and as such, this claim fails. *Ross v. Estelle, supra*.

Further, the state habeas court considered and explicitly rejected this ineffective assistance of counsel claim. *See* SHCR-01 ("Writ Received"), at 82-86 (Findings of Fact and Conclusions of Law). This Court must defer to the state court determinations and deny habeas relief. The Honorable Jack Skeen, Jr. presided over Mr. Lawler's guilty plea and punishment hearings, and the state habeas proceeding. SHCR-01 ("Writ Received"), at "Clerk's Summary Sheet"; at 57-58 (Judgment); 82-86 (Findings and Conclusions). Judge Skeen's findings are therefore entitled to deference and a presumption of correctness to implicit finding against the defendant's credibility *See* 28 U.S.C. § 2254(e)(1); *Marshall v. Lonberger*, 459 U.S. at 433 (applying that finding was necessarily part of the court's rejection of the defendant's claim); *Valdez v. Cockrell*, 274 F.3d at 948 n.11 (presumption of correctness applies to both explicit and implicit findings necessary to support a state court's conclusions of mixed law and fact); *Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992) (same).

Judge Skeen made credibility choices in favor of the State, and its express factual findings and credibility choices, as well as the implicit findings that flow from the trial court's credibility choices, are afforded a presumption of correctness. The Court of Criminal Appeals subsequently adopted the trial court's findings. SHCR-01, at "Action Taken" sheet. Given the extensive findings and conclusions for this claim, Mr. Lawler cannot show that the state habeas courts' ultimate decision to deny relief is objectively unreasonable. *Richter*, 131 S. Ct. at 786. "This deference requires that a federal habeas

court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." *Marshall v. Lonberger*, 459 U.S. at 432.

Mr. Lawler failed to meet his burden of proof under the AEDPA. The Court of Criminal Appeal's denial of these claims was an adjudication on the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Green v. Johnson*, 116 F.3d at 1121; *Ex parte Torres*, 943 S.W.2d at 472 ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."). Mr. Lawler has not met his burden of proof to demonstrate that the state habeas court's denial of the claims was contrary to, or an unreasonable application of Supreme Court law. He is not entitled to relief because he cannot show "that the state court's ruling on the claim being presented in federal court [is] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 101-102. Mr. Lawler has failed to overcome the presumption of correctness afforded the implicit findings of the state court, and he has failed to demonstrate that its decision to deny relief was unreasonable.

Since the state courts' rejection of Mr. Lawler's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, Mr. Lawler is not entitled to relief. *Richter*, 131 S. Ct. at 786. Therefore, Mr. Lawler's objections are overruled and the petition will be dismissed with prejudice.

The Report of the Magistrate Judge, which contains the proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having

made a *de novo* review of the objections adequately presented by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this 2 day of **August, 2017.**

_____
Ron Clark, United States District Judge